**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK MUHAMMAD,<br><br>    Plaintiff,<br><br>  v.<br><br>MELINDA HAAG, et al.,<br><br>    Defendants.                                 / | No. C-14-1286 MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; DIRECTIONS TO CLERK** |

      Before the Court is plaintiff's complaint and application to proceed in forma pauperis, each filed March 19, 2014.[1]  Having read and considered plaintiff's filings, the Court rules as follows.

      Because it appears that plaintiff lacks the funds to pay the filing fee, plaintiff's application to proceed in forma pauperis is hereby GRANTED.

      Where, as here, a party proceeds in forma pauperis, the district court must dismiss the complaint if the court determines that the complaint is frivolous or malicious, or that the plaintiff has failed to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

      Here, plaintiff's complaint falls directly within the category of pleadings identified in § 1915(e)(2)(B)(i) and (ii).  Plaintiff alleges he is entitled to a dismissal of the criminal

---

[1] On April 16, 2014, the instant action was reassigned to the undersigned.

charges brought against Jose Arturo Beltran-Nunez ("Beltran-Nunez") in United States v. Beltran-Nunez, CR 11-0948 WHA, and to "dissolution" of a warrant issued therein for said defendant's arrest.[2] (See Compl. ¶ 6.) Plaintiff lacks standing to bring the instant action, however, as he fails to allege any injury to himself by reason of criminal charges having been filed against Beltran-Nunez or the issuance of a warrant for Beltran-Nunez's arrest. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding party invoking federal jurisdiction must show he has "suffered an 'injury in fact'" caused by the "conduct complained of"). Moreover, even assuming plaintiff could establish he has standing to seek relief on behalf of Beltran-Nunez,[3] any argument that the criminal charges against Beltran-Nunez should be dismissed and/or that the warrant for Beltran-Nunez's arrest should be quashed must be raised in United States v. Beltran-Nunez, the case in which those charges are pending and the warrant remains outstanding.

Accordingly, plaintiff's complaint is hereby DISMISSED, without leave to amend.

The Clerk is DIRECTED to close the case.

**IT IS SO ORDERED.**

Dated: April 25, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2] A "No-Bail Warrant" was issued on October 10, 2012, after Beltran-Nunez failed to appear for a bond hearing noticed for that date. (See United States v. Beltran-Nunez, CR 11-0948, Doc. No. 22.)

[3] In the caption of his complaint, plaintiff refers to himself as "Trustee of the Jose Nunez Estate," and some of the exhibits attached to the complaint refer to Beltran-Nunez as "deceased."